**Marcus D. BLANTON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 01A04–0102–PC–61.**

Court of Appeals of Indiana.

July 16, 2001.

Transfer Denied September 11, 2001.

---

Susan K. Carpenter, Public Defender of Indiana, Gregory L. Lewis, Deputy Public Defender, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MATHIAS, J.

Marcus D. Blanton appeals the trial court's refusal to grant him the 126 days credit time awarded to him at sentencing a second time when it revoked his probation. We affirm.

### Facts and Procedural History

On February 23, 2000, Blanton pleaded guilty to one count of nonsupport of a dependent child, a Class D felony. Pursuant to the plea agreement, Blanton was sentenced to three years "with all suspended but 126 days (63 actual days time served)...." R. at 6. He was placed on "informal probation" for three years and ordered not to fall more than four weeks behind on his child support obligation as a condition of that probation. R. at 6.

On April 4, 2000, the State filed a Report of Non–Compliance, alleging that Blanton had made no support payments since sentencing. In the ensuing months, Blanton made very few payments and additional Reports of Non–Compliance were filed. After Blanton failed to appear at an August 30 hearing, a warrant was issued for his arrest. He was arrested on October 30 and admitted at a November 15 hearing that he had violated the conditions of his probation by failing to make child support payments. The trial court revoked "180 days of the sentence previously suspended" and gave Blanton credit time of eighteen days. R. at 64.[1]

On November 20, Blanton filed a motion to correct error, alleging that he should have also received credit for the sixty-three actual days served prior to his conviction. On November 22, the trial court denied the request but did order the term of informal probation amended to two years and 203 days, effective as of February 23, 2000.[2] Blanton appeals.

### Discussion and Decision

Blanton contends that the trial court erred in not granting him the 126 (sixty-three actual) days served prior to sentencing toward his 180–day sentence for the probation revocation. "[B]ecause Indiana law prevents defendants from earning credit time for time they spend on probation, the trial court should have applied the credit time toward the revoked portion of

---

1. As noted above, Blanton was incarcerated from October 30 to November 15. Thus, he should have been awarded seventeen—not eighteen—days. However, the State does not seek correction of this error, and, in light of the fact that Blanton has already served his 180 days sentence, we see no reason to order his re-incarceration for one day.

2. Once again, the arithmetic result is a little off the mark. Three years less 126 days is two years and 239 days. However, the State does not seek correction of this error on appeal either.

Blanton's sentence." Brief of Appellant at 5.

According to statute, once a defendant is found to have violated the conditions of his or her probation, the trial court may "order execution of the sentence that was suspended at the time of initial sentencing." Ind.Code § 35–38–2–3(g)(3) (1998). Although there is no explicit mention of credit time, allowing the trial court to order execution of the entire "suspended" sentence necessarily implies that the credit time applied at sentencing is not to be applied again. To hold otherwise would award a defendant pretrial credit time twice, an absurd result not countenanced by either statute or decisional law.

For all of these reasons, the judgment of the trial court is affirmed.[3]

Affirmed.

BAILEY, J., and BAKER, J., concur.

3. Blanton is correct that his initial probationary period was in excess of the statutory maximum. Indiana Code section 35–50–2–2(c) provides in relevant part that "whenever the court suspends a sentence for a felony, it shall place the person on probation under IC 35–38–2 for a fixed period to end not later than the date that the maximum sentence that may be imposed for the felony will expire." Pursuant to this statute, Blanton's probationary term, at the time of his February 23 sentencing, could not exceed two years and 239 days (three years less 126 days credit at sentencing). The trial court corrected this error in its November 22 order when it amended the probationary term. However, that ruling is separate from and has no bearing on the ruling on credit time raised in this appeal.