**Billy J. GROVES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A02–0407–CR–572.**

Court of Appeals of Indiana.

March 22, 2005.

Jacob P. Dunnuck, Muncie, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

■ Billy Groves appeals his sentence for intimidation as a class D felony.[1] Groves raises one issue, which we revise and restate as:

I. Whether the trial court abused its discretion by classifying Groves's credit time as Class III; and

II. Whether the trial court abused its discretion by denying Groves credit for time served prior to sentencing.

We affirm in part, reverse in part, and remand.[2]

The relevant facts follow. Between June 24, 2003 and September 2, 2003, Groves sent threatening letters to Tanya Dillard. During part of this time, Groves was incarcerated in the Indiana Department of Correction. During the rest of this period, Groves was on work release. On November 12, 2003, the State charged Groves with two counts of intimidation as class D felonies and one count of harassment as a class B misdemeanor.[3] On December 5, 2003, Groves was arrested on these charges. On December 8, 2003, at Groves's initial hearing, Groves threatened to kill Dillard. Based on Groves's threat at the initial hearing, the State charged Groves with another count of intimidation

under a separate cause number. In a consolidated plea agreement, Groves pleaded guilty to one count of intimidation as a class D felony, and the State dismissed the other counts pursuant to the plea agreement, which left sentencing to the trial court's discretion. On June 28, 2004, the trial court sentenced Groves as follows:

A.) Three (3) years to the Indiana Department of Corrections, executed. Said sentence to run consecutive to any sentence imposed under defendant's Violation of Parole.

B.) Fine of $100 and Court costs of $134.

C.) Credit time to be classified as Class III credit time.

D.) Protective Order is ordered continued.

Appellant's Appendix at 111.

I.

■ The first issue is whether the trial court abused its discretion by classifying Groves's credit time as Class III. Sentencing decisions rest within the discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Smallwood v. State*, 773 N.E.2d 259, 263 (Ind. 2002). An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Pierce v. State*, 705 N.E.2d 173, 175 (Ind. 1998).

■ The State argues that Groves's failure to object at the sentencing hearing

---

1. Ind.Code § 35–45–2–1(a)(2) (Supp.2003).

2. Groves mentions that he "has attended church, Sober Life meetings, and Life Skills classes." Appellant's Brief at 6. To the extent Groves is arguing for educational credit time, he fails to develop a cogent argument. Fail-

ure to put forth a cogent argument acts as a waiver of the issue on appeal. *Davenport v. State*, 734 N.E.2d 622, 623–624 (Ind.Ct.App. 2000), *trans. denied*.

3. Ind.Code § 35–45–2–2(a)(2) (1998).

constituted waiver. Generally, a failure to object to error in a proceeding, and thus preserve an issue on appeal, results in waiver. *Brabandt v. State,* 797 N.E.2d 855, 861 (Ind.Ct.App.2003). However, a court may remedy an unpreserved error when it determines the trial court committed fundamental error. *Id.* An improper sentence constitutes fundamental error and "cannot be ignored on review." *Morgan v. State,* 417 N.E.2d 1154, 1156 (Ind. Ct.App.1981). We may correct sentencing errors by the trial court on appeal even though the issue was not raised below. *Id.* Thus, we will address Groves's arguments on the merits.

Groves is asking for 207 days of credit for time served prior to sentencing and 207 days good time credit.[4] Groves directs us to Ind.Code § 35–38–3–2(b)(4) (1998), which provides that a trial court's judgment of conviction must include "the amount of credit, including credit time earned, for time spent in confinement before sentencing." Our supreme court has interpreted Ind.Code § 35–38–3–2 to require that a "trial court's judgment of conviction separately include both the amount of time spent by the defendant prior to imposition of sentence and also the amount of credit time earned in accordance with the defendant's credit time class." *Robinson v. State,* 805 N.E.2d 783, 789 (Ind. 2004).

We will first examine whether the trial court properly addressed the amount of credit time earned in accordance with Groves's class. Groves argues that the trial court's sentence was in violation of Ind.Code § 35–50–6–3 (1998), which governs credit time classes and provides:

(a) A person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing.

(b) A person assigned to Class II earns one (1) day of credit time for every two (2) days he is imprisoned for a crime or confined awaiting trial or sentencing.

(c) A person assigned to Class III earns no credit time.

The sentencing order provided "Credit time to be classified as Class III credit time." Appellant's Appendix at 111. A person assigned to Class III earns no credit time. I.C. 35–50–6–3(c) (1998). Although the trial court did not explicitly state that Groves would receive zero days of good time credit, its classification of Groves's credit time as Class III indicates the trial court's intention to assign Groves zero days. Thus, the trial court provided the amount of credit time earned in accordance with Groves's credit time class when it assigned Groves's credit time as Class III.[5]

---

**4.** The Abstract of Judgment provides that Groves spent zero days confined prior to sentencing. Appellant's Appendix at 112.

**5.** Groves appears to argue that the trial court could not place him in Class III and that he should have been in Class I. In *Robinson,* our supreme court permitted a trial court to make such a classification of credit time by holding that "viewing a sentencing statement's credit time designation as a mere 'recommendation' may be a relic from prior times." *Robinson,* 805 N.E.2d at 791. Our supreme court also held, "Indiana Code § 35–38–3–2(b) unequivocally declares that the trial court sentencing

judgment 'must include' the amount of credit earned for time spent in confinement before sentencing. This determination serves to memorialize any modifications in credit time class or credit time imposed by local prison authorities upon a person confined before trial and sentencing. A trial court's sentencing judgment thus does not merely 'recommend.' On the contrary, it determines a prisoner's credit time for time served as of the time of sentencing. This credit time, however, is subject to modification thereafter by the Department of Corrections pursuant to statutory procedures." *Id.* at 791–792.

■ In classifying the credit time as Class III, the trial court relied on Ind. Code § 35–50–6–7, which provides:

A person under the control of a county detention facility or the department of correction who:

(1) has been charged with a new crime while confined; or

(2) has allegedly violated a rule of the department or county facility; may be immediately assigned to Class III and may have all earned credit time suspended pending disposition of the allegation.

The State charged Groves with two counts of intimidation and one count of harassment. The State arrested Groves on these charges on December 5, 2003. On December 8, 2003, Groves threatened Dillard during his initial hearing. The State then charged Groves with an additional count of intimidation. Because Groves was "a person under the control of a county detention facility or the department of correction" and was "charged with a new crime while confined," he could be assigned to Class III. Thus, the trial court did not abuse its discretion in classifying Groves's credit time as Class III.

## II.

■ The second issue is whether the trial court abused its discretion by denying Groves credit for time served prior to sentencing. Ind.Code § 35–38–3–2 requires a trial court to separately include the credit for time served prior to sentencing in its judgment of conviction. *Robinson*, 805 N.E.2d at 789. Here, neither the sentencing order nor the sentencing hearing transcript show the amount of time served by Groves prior to imposition of the sentence. However, the presentence investigation report indicated a jail credit of 207 days as of sentencing.

■ The trial court relied on Ind.Code § 35–50–6–7 to classify Groves's credit time as Class III; however, our supreme court has held that "Ind.Code § 35–50–6 sets forth the procedures for earning good time credit; it does not address credit for time served." *Purcell v. State*, 721 N.E.2d 220, 223 (Ind.1999). Our supreme court also held, "Absent legislative direction, we believe that a defendant is only entitled to credit toward sentence for pre-trial time served in a prison, jail or other facility which imposes substantially similar restrictions upon personal liberty." *Id.* at 224 n. 6. Accordingly, Ind.Code § 35–50–6–3(c) refers to good time credit, not credit for time served, when it provides that a person assigned to Class III earns no credit time.

■ "A prisoner's release date is determined by the term of imprisonment imposed by the trial court less the time spent in confinement before sentencing less credit time earned." *Robinson*, 805 N.E.2d at 790. Our supreme court has held that "[t]he time spent in confinement before sentencing applies toward a prisoner's fixed term of imprisonment. The amount of additional credit is primarily determined by the prisoner's credit time classification." *Id.* at 789. Thus, the trial court's classification of Groves's credit time to Class III does not address credit for time spent in confinement before sentencing. Accordingly, we must find that the trial court abused its discretion when it failed to credit Groves for time served. *See, e.g., Senn v. State,* 766 N.E.2d 1190, 1199 (Ind.Ct.App.2002) (holding that the trial court erred when it failed to properly credit defendant's sentence for time served), *reh'g denied.*

For the foregoing reasons, we affirm the trial court's classification of Groves's good time credit as Class III and reverse and

remand for a determination of credit for time served prior to sentencing.

Affirmed in part, reversed in part, and remanded.

BAKER, J., and FRIEDLANDER, J., concur.