**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 07 2014, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLAUDE F. HUDSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1305-CR-197 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael J. Lewis, Judge
Cause No. 84D06-1204-FB-1187

**May 7, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Claude Hudson (Hudson), appeals the denial of his credit time.

We reverse and remand.[1]

ISSUE

Hudson raises one issue on appeal which we restate as follows: Whether the trial court abused its discretion when it denied Hudson credit time for time spent in a mental health facility.

FACTS AND PROCEDURAL HISTORY

On April 7, 2012, Joshua Mast (Mast) returned home to find Hudson inside his home, standing at the foot of his bed wearing his jacket. Mast asked Hudson why he was at his house, and Hudson told Mast that had knocked and nobody answered so he thought it was fine to go in. Mast then asked Hudson to leave. Hudson left wearing Mast's jacket.

On April 12, 2012, the State filed an Information charging Hudson with Count I, burglary, a Class B felony, Ind. Code § 35–43-2-1(b)(i), and Count II, theft, a class D felony, I.C. § 35–43-4-2. On May 2, 2012, Hudson requested for an evaluation to determine whether he is competent to stand trial. On September 26, 2012, at the competency hearing, the trial court ordered Hudson to be committed to the Department of

---

[1] We recognize that the State filed a verified motion for remand, and we accordingly grant their motion in this opinion.

Mental Health Family and Social Services Administration. On October 15, 2012, Hudson was transported from the Vigo County Jail to the Logansport State Hospital (Hospital). On December 20, 2012, Hudson was certified competent and on December 27, 2012, the trial court ordered him transported back to jail. On February 25, 2013, a jury was empaneled and sworn in. On February 26, 2013, the jury found Hudson guilty as charged on both Counts. On April 10, 2013, the trial court sentenced Hudson to six years executed in the Indiana Department of Correction. The trial court gave Hudson 295 days of credit time on Count I and dismissed Count II. The credit time awarded for Count I did not include the period from October 15, 2012, to December 27, 2012, when Hudson was confined at the Hospital for mental evaluation. (Appellant's App. p. 164). Hudson now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Hudson contends that the trial court abused its discretion by failing to give him credit time for the time he was confined at the Hospital from October 15, 2012 to December 27, 2012.

We begin by noting that the standard for review of a trial court's sentencing decision is an abuse of discretion. *Groves v. State,* 823 N.E.2d 1229, 1231 (Ind. Ct. App. 2005). The trial court abuses its discretion if its "decision is clearly against the logic and effect of the facts and circumstances." *Id*.

Indiana law provides that a person earns "one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." *See* I.C. § 35–

50–6–3(a). "[C]onfinement in this context includes time a criminal defendant spends in a mental health facility as a part of the criminal proceedings." *State v. Davis* 898 N.E. 2d 281,289 (Ind. 2008) (quoting *Wilson v. State*, 679 N.E.2d 1333, 1336 (Ind. Ct. App.1997).

The State concurs with Hudson that the trial court erred for not awarding credit to Hudson from October 15, 2012 to December 28, 2012 when he was confined at the Hospital for mental evaluation. The record shows that the trial court awarded a total of 295 days of credit time. The breakdown for the credit time as per the abstract of the judgment was as follows: 192 days from April, 7, 2012, the day Hudson was arrested, to October 15, 2012, when he was transported to the Hospital; 90 days from December 28, 2012 to March 27, 2013, spent at the jail where Hudson was awaiting the trial; and lastly, 13 days from March 28, 2013 to April 9, 2013, spent at the jail where Hudson was awaiting sentencing. Based on this breakdown, we find that the trial court abused its discretion by failing to include the period from October 15, 2012 to December 27, 2012, when Hudson was confined at the Hospital as credit time.

## CONCLUSION

Accordingly, we remand this case to the trial court with instructions to award Hudson credit time from October 15, 2012 to December 27, 2012 when he was confined at the Hospital.

We reverse and remand.

VAIDIK, C. J. and MAY, J. concur

4