**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRYAN M. TRUITT**
Bertig & Associates, LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHRISTINA D. PACE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANIEL L. SCARPINATO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 64A04-1403-CR-146 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
Cause No. 64D02-1210-FB-10657

**December 19, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Daniel Scarpinato appeals the trial court's denial of good time credit for his pretrial incarceration. We affirm.

**Issue**

Scarpinato raises one issue, which we restate as whether the trial court properly declined to award him good time credit for time spent in jail awaiting trial.

**Facts**

In 2012, Scarpinato was charged with Class B felony burglary and three other crimes. The burglary charge was severed from the other charges and, in January 2014, a jury found Scarpinato guilty of Class B felony burglary. The trial court sentenced Scarpinato to twenty years executed. At the sentencing hearing, the trial court explained that it was not awarding him any credit for his pretrial incarceration because of his conduct in jail. According to the pre-sentence investigation report, Scarpinato incurred at least twenty-five jail violations while jailed. Scarpinato was also charged with Class C felony battery and Class D felony battery for punching employees of the Porter County Jail in the face on January 19, 2014.

In a subsequent proceeding, Scarpinato pled guilty to several outstanding charges, including the two battery charges. At that hearing, the trial court revisited the issue of credit time and explained that it would award Scarpinato credit for the 531 days he was actually incarcerated awaiting trial but would not award him any good time credit. Scarpinato now appeals.

**Analysis**

Scarpinato argues that it was beyond the trial court's power to deny him good time credit. The State asserts that this issue is waived because Scarpinato did not object at trial. However, "[w]e may correct sentencing errors by the trial court on appeal even though the issue was not raised below." Groves v. State, 823 N.E.2d 1229, 1232 (Ind. Ct. App. 2005). Accordingly, we address the merits of Scarpinato's argument.

There is no dispute that Scarpinato was entitled to and received credit for the 531 days he was incarcerated while awaiting trial. As for whether the trial court was required to award Scarpinato an additional 531 days of good time credit, we are not persuaded by Scarpinato's argument.

In making his argument that the trial court did not have discretion to deny him good time credit, Scarpinato relies on Weaver v. State, 725 N.E.2d 945, 947-48 (Ind. Ct. App. 2000), in which a panel of this court explained:

> Indiana Code Section 35-50-6-3 sets forth in no uncertain terms that a person confined awaiting trial or sentencing is statutorily entitled to one day of credit for each day he is so confined; therefore, pre-sentence jail time credit is a matter of statutory right, not a matter of judicial discretion.

At the time of Scarpinato's sentencing, Indiana Code Section 35-50-6-3 provided:

> (a) A person assigned to Class I earns one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing.

> (b) A person assigned to Class II earns one (1) day of credit time for every two (2) days the person is imprisoned for a crime or confined awaiting trial or sentencing.

> (c) A person assigned to Class III earns no credit time.

3

(d) A person assigned to Class IV earns one (1) day of credit time for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing.

However:

A person under the control of a county detention facility or the department of correction who:

(1) has been charged with a new crime while confined; or

(2) has allegedly violated a rule of the department or county facility;

may be immediately assigned to Class III and may have all earned credit time suspended pending disposition of the allegation.

Ind. Code § 35-50-6-7(a). Moreover, after Weaver was decided, our supreme court decided Robinson v. State, 805 N.E.2d 783, (Ind. 2004), and discussed the role of trial courts in memorializing credit time calculations.

Indiana Code § 35-38-3-2(b) unequivocally declares that the trial court sentencing judgment "must include" the amount of credit earned for time spent in confinement before sentencing. This determination serves to memorialize any modifications in credit time class or credit time imposed by local prison authorities upon a person confined before trial and sentencing. A trial court's sentencing judgment thus does not merely "recommend." On the contrary, it determines a prisoner's credit time for time served as of the time of sentencing. This credit time, however, is subject to modification thereafter by the Department of Corrections pursuant to statutory procedures.

Robinson, 805 N.E.2d at 791-92 (emphasis added).

4

Here, Scarpinato was charged with and pled guilty to two counts of battery for an incident that occurred while he was incarcerated. During his incarceration, Scarpinato was also alleged to have violated jail rules on more than twenty-five occasions. Under these circumstances, the trial court was warranted in determining that Scarpinato was not entitled good time credit. See Groves, 823 N.E.2d at 1233 (concluding the trial court did not abuse its discretion in classifying the defendant's credit time as Class III where the defendant was charged with new crimes while under the control of a detention facility). Scarpinato has not established that the trial court erred by denying him good time credit.

## Conclusion

The trial court did not err in denying Scarpinato good time credit for his pretrial incarceration. We affirm.

Affirmed.

MAY, J., and PYLE, J., concur.

5