## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 15 2016, 10:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tamara Kalinowski Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 15, 2016

Court of Appeals Case No.
54A04-1510-CR-1662

Appeal from the Montgomery
Circuit Court

The Honorable Harry A. Siamas,
Judge

Trial Court Cause No.
54C01-0607-FB-74

**Pyle, Judge.**

Statement of the Case

Tamara Kalinowski Johnson ("Johnson") appeals the trial court's calculation of her credit time after the trial court revoked her probation and ordered her to serve her previously suspended sentence in the Indiana Department of Correction ("DOC").[1]  She argues that:  (1) there is an ambiguity regarding whether the trial court, when originally sentencing her, awarded her with the proper amount of accrued credit time for her pretrial incarceration; (2) the trial court miscalculated the accrued credit time for the days she was incarcerated during her prior probation revocation proceedings; and (3) the trial court erred by failing to apply an amendment to the credit time statute that was enacted after her conviction and original sentencing.  Finding no error as alleged, we

---

[1] There are two different "time credits" that a defendant may earn:  (1) "credit for time served[,]" which is the "credit toward the sentence a prisoner receives for time actually served[;]" and (2) "good time credit[,]" which is the "additional credit a prisoner receives for good behavior and educational attainment." *Purcell v. State*, 721 N.E.2d 220, 222 (Ind. 1999), *reh'g denied*.  In July 2015, the legislature added a statutory provision setting forth the following definitions clarifying the types of credit time:

> (1) "Accrued time" means the amount of time that a person is imprisoned or confined.
>
> (2) "Credit time" means the sum of a person's accrued time, good time credit, and educational credit.
>
> (3) "Educational credit" means a reduction in a person's term of imprisonment or confinement awarded for participation in an educational, vocational, rehabilitative, or other program.
>
> (4) "Good time credit" means a reduction in a person's term of imprisonment or confinement awarded for the person's good behavior while imprisoned or confined.

IND. CODE § 35-50-6-0.5.  The legislature has explained that this statute "is intended to be a clarification" of prior credit time terms and "does not affect any time accrued before July 1, 2015, by a person charged with or convicted of a crime."  I.C. § 35-50-6-0.6.  In this vein of clarification, we will use these terms throughout this opinion.

affirm the trial court's revocation of Johnson's probation and calculation of accrued credit time.

We affirm.

## Issue

Whether the trial court erred when calculating Johnson's credit time upon the revocation of her probation.

## Facts

On July 13, 2006, the State charged Johnson with six counts of Class B felony sexual misconduct with a minor. On August 8, 2006, the trial court held a bond reduction hearing and reduced Johnson's bond "on the condition that [she] be placed on house arrest by random telephone calls to be made by the Montgomery County Probation Department." (App. 38). Thereafter, on March 15, 2007, Johnson entered into a written plea agreement, in which she agreed to plead guilty to two counts of Class B felony sexual misconduct with a minor in exchange for the State's dismissal of the remaining four counts. The parties also agreed that, for each conviction, Johnson would be sentenced to eight (8) years with three (3) years served on direct commitment in community corrections and on house arrest and five (5) years on formal probation. Additionally, the parties agreed that these sentences would be served concurrently. At sentencing, the trial court awarded Johnson twenty-eight (28) days of accrued credit time. Due to medical and financial reasons, the trial court allowed Johnson to have until August 1, 2007 to start her direct commitment.

[4]     Between January 2009 and June 2010, while Johnson was serving her time in community corrections, the State filed four notices of community corrections violations.[2] The violation allegations ranged from Johnson's failure to pay program fees to her disregard of the condition that she not have children under the age of eighteen in her home. Each time, Johnson admitted that she had violated the terms of her community corrections placement. On July 13, 2010, upon determining that Johnson had violated the terms of her community corrections for the fourth time, the trial court ordered that she serve twelve (12) days in the county jail with accrued credit for time served.[3] The trial court also ordered that she be released from community corrections and begin her five-year probationary term.

[5]     A little more than one year later, on September 20, 2011, the State filed a notice of probation violation, alleging that Johnson had been charged with Class A misdemeanor battery and Class B misdemeanor disorderly conduct on September 13, 2011 ("new criminal cause #1"). A "[w]arrant with NO BOND" was issued to Johnson on September 22, 2011. (App. 20). Thereafter, Johnson entered into a plea agreement, in which she agreed to plead guilty to the Class B misdemeanor disorderly conduct charge in her new criminal cause

_____

[2] The State filed the community corrections violation notices on January 28, 2009, December 7, 2009, March 19, 2010, and June 28, 2010.

[3] Although the trial court's July 13, 2010 order and corresponding CCS entry provided that Johnson would receive twelve days of accrued credit time, Johnson's Appendix contains an unsigned, undated abstract of judgment, which was apparently entered upon Johnson's current revocation, that reveals that she received thirteen days of accrued credit time and thirteen days of good time credit.

#1 and to violating her probation in this cause in exchange for the dismissal of the Class A misdemeanor battery charge. The parties also agreed that, in Johnson's new criminal cause #1, she would be sentenced to ninety (90) days in the county jail and would then be allowed to return to probation. On November 1, 2011, the trial court sentenced Johnson pursuant to her plea agreement. The trial court found that her ninety (90)-day sentence was satisfied by the forty-five (45) days of accrued credit time she had earned while incarcerated in her new criminal cause #1. As for Johnson's probation violation, the trial court returned Johnson to probation and determined that "the additional 3 days that [Johnson] served in jail [would] be credited as time served and earned time credit" or accrued credit time in her probation revocation cause. (App. 69).

[6] On February 24, 2014, the State filed a second notice of probation violation, alleging that Johnson had violated probation by: (1) being arrested and charged with Class D felony battery on February 18, 2014 ("new criminal cause #2"); (2) being cited for driving while suspended; (3) associating with a person who was on probation for child molesting; (4) testing positive for marijuana; and (5) failing to consistently attend counseling as ordered. The following day, Johnson admitted that she had violated probation by testing positive for marijuana and by being ticketed for driving while suspended, but she denied the remaining allegations. A warrant was issued for Johnson's arrest on February 26, 2014. Thereafter, in July 2014, she entered into a plea agreement in which

she agreed to plead guilty to the Class D felony battery charge in her new criminal cause #2.

[7] On August 25, 2014, the trial court held a hearing on Johnson's plea in her new criminal cause #2 and on her two probation revocation allegations that she had denied. For her new criminal cause #2, the trial court sentenced Johnson to the Department of Correction for 180 days but determined that the sentence was satisfied because she had 90 days of accrued credit time for the days she had already served as part of her new criminal cause #2. For the probation revocation, the trial court determined that Johnson had violated the terms of her probation as alleged, ordered her to serve an additional 120 days in jail, and extended her probation by one year. The trial court also determined that Johnson had 130 days of accrued credit time for time served as part of her probation revocation.

[8] On June 25, 2015, the State filed a third notice of probation violation, alleging that Johnson had violated probation by: (1) testing positive for marijuana and alcohol consumption; (2) failing to pay required probation fees; and (3) failing to consistently attend counseling as ordered. A warrant was issued for Johnson's arrest on June 29, 2015, and she was released on bond on August 8, 2015.[4] Shortly after Johnson was released on bond, the State filed a fourth

---

[4] Johnson contends that she was released on bond on August 10, 2015 because the CCS contains an entry for August 10, 2015 that indicates that a "[c]ash bond [was] received." (App. 27). However, the CCS entry for August 7, 2015 reveals that the trial court held a hearing and "advise[d] [Johnson] that if she ma[d]e bond[,] she [wa]s to report to the Probation Department within 24 hours." (App. 27). The presentence investigation

notice of probation violation, alleging that Johnson had violated her probation by testing positive for methamphetamine and amphetamine. The State also filed a motion to revoke Johnson's bond.

[9]     On October 8, 2015, the trial court held a probation revocation hearing. Following the fact-finding portion of the hearing, the trial court determined that Johnson had violated her probation by using controlled substances, failing to engage in counseling, and failing to pay probation fees. During the disposition portion of the hearing, Johnson established that she had served 1,061 days as part of her direct commitment in community corrections, which she had served on home detention. She estimated that she had only one year of time left to serve on her previously suspended five-year sentence. She calculated such remaining time by anticipating that she would be receiving good time credit for her 1,061 days served in community corrections on house arrest and accrued credit time for the days she was incarcerated during her prior revocation proceedings. She, however, did not assert how many days of accrued credit time she believed she was entitled to for the periods of incarceration. Specifically, her counsel stated that he "d[id]n't have a solid enough number to want to stick [his] neck out there and propose it[.]" (Tr. 58). Additionally, Johnson did not make any argument about the pretrial accrued credit time previously awarded at her original sentencing hearing. For her current

_____

report and the revocation disposition transcript indicate that Johnson was released on bond on August 8, 2015.

probation violation, Johnson requested that the trial court either: (1) unsatisfactorily discharge her from probation; or (2) give her another chance and let her remain on probation. The State did not dispute that she was entitled to accrued credit time for each day she was incarcerated during the revocation proceedings but did know how many days of such credit Johnson should receive.

[10] The trial court revoked Johnson's probation and ordered her to serve her previously suspended five-year sentence. The trial court addressed Johnson's request for good time credit for her direct commitment time served in community corrections and informed her that "she was not entitled to good time credit toward her direct commitment time" because the statute did not allow for it at the time of her sentencing. (Tr. 59). The trial court acknowledged that the statute had changed and that now it would allow such good time credit, but it explained to her that the caselaw had determined that the statutory change was not retroactive and, therefore, would not apply to her direct commitment placement. However, the trial court told Johnson that it was "happy to give credit time that ha[d] been earned" while she had been incarcerated during her various revocation proceedings. (Tr. 59). The trial court stated that "[t]his [wa]s a complicated case" because Johnson had "been back to court so many times over the life of the case." (Tr. 59-60). The trial court then recounted its previous probation violation orders and the corresponding accrued credit time that it had determined Johnson was entitled to during her previous revocation proceedings. Additionally, the trial court set

forth the number of days that Johnson had been incarcerated during the pending revocation proceeding. The trial court stated that it calculated that Johnson had 347 days of accrued credit time for the time she was incarcerated during her previous and current revocation proceedings.[5] After discussing the accrued credit time calculation, the trial judge stated, "If there's any other time that I've missed I'm happy to consider that, but that's where the court comes up with its number." (Tr. 60). Johnson neither objected to the calculation nor offered a revised calculation. Johnson now appeals.[6]

# Decision

[11] Johnson argues that the trial court erred in calculating her credit time. Specifically, she argues that: (1) the trial court may have erred when

---

[5] Specifically, the trial court based its 347 days on the following days of accrued credit time previously determined in its prior revocation orders and based upon the days Johnson was incarcerated during the final revocation proceeding:

    June 25, 2010 Order – 3 days

    July 13, 2010 Order – 12 days

    November 1, 2011 Order – 3 days

    August 25, 2014 Order – 250 days

    June 29, 2015 Arrest to August 8, 2015 Bond Out – 41 days

    September 1, 2015 Re-Arrest to October 8, 2015 Disposition Hearing – 38 days

[6] We note that in the trial court's written order revoking Johnson's probation, it determined that she had "credit for 345 days served against [her] suspended sentence." (App. 83). The CCS entry for this order also reflects that Johnson was to receive 345 days of accrued credit time. Additionally, in the unsigned, undated abstract of judgment, the trial court determined that Johnson was entitled to 345 days of "accrued" credit time in addition to 345 days of "good time" credit. (App. 106). The abstract of judgment specifically sets forth the breakdown for these 345 days of accrued credit time by listing the various dates that Johnson was incarcerated during her numerous revocation proceedings. Johnson acknowledges that the trial court's oral sentencing statement and its written sentencing order differ, but she does not specifically challenge the discrepancy nor contend that the difference affects her credit time arguments made on appeal.

determining her pretrial accrued credit time at her original sentencing hearing; (2) the trial court miscalculated the accrued credit time for the days she served in jail during her various revocation proceedings; and (3) the trial court erred by failing to apply an amendment to the credit time statute that was enacted after her conviction and original sentencing. We will address each argument in turn.

### 1. Accrued Credit Time – Pretrial

[12] We first turn to Johnson's challenge to her accrued credit time for her pretrial incarceration. We recently explained our standard of review in credit time cases as follows:

> Because credit time is a matter of statutory right, trial courts do not have discretion in awarding or denying such credit. *James v. State*, 872 N.E.2d 669, 671 (Ind. Ct. App. 2007). A person who is not a credit restricted felon and who is imprisoned for a crime or awaiting trial or sentencing is initially assigned to Class I. *Id.* (citing Ind. Code § 35-50-6-4). A person assigned to Class I earns one day of credit time for each day he is imprisoned for a crime or is confined awaiting trial or sentencing. *Id.* (citing Ind. Code § 35-50-6-3). On appeal, it is the appellant's burden to show that the trial court erred. *Gardner v. State*, 678 N.E.2d 398, 401 (Ind. Ct. App. 1997).

*Harding v. State*, 27 N.E.3d 330, 331-32 (Ind. Ct. App. 2015).

[13] Johnson contends that there is an "ambiguity" regarding whether the trial court, when originally sentencing her, awarded her with the proper amount of accrued credit time for her pretrial incarceration on her underlying conviction. (Johnson's Br. 10). She suggests that the twenty-eight (28) days of accrued

credit time that the trial court awarded to her at her original sentencing hearing might be incorrect because there is no specific entry in the chronological case summary ("CCS") indicating the date that she posted bond. She does not deny that she was released on bond, but she contends that because the CCS does not contain a specific entry then she should be given credit from the date that she was arrested to the date she was sentenced, which she asserts would equate to 279 days of accrued credit time.[7]

[14] We need not address this issue because Johnson has waived appellate review of this argument. First, Johnson did not raise this argument to the trial court during the revocation disposition hearing and is asserting it for the first time on appeal. *See Groves v. State*, 823 N.E.2d 1229, 1232 (Ind. Ct. App. 2005) ("Generally, a failure to object to error in a proceeding, and thus preserve an issue on appeal, results in waiver."). Nor has Johnson shown that she would be allowed to raise such accrued credit time challenge—which requires consideration of matters outside of the sentencing judgment—upon the revocation of her probation. *See Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004) ("When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly

_____

[7] Johnson contends that she was arrested on July 14, 2006 and was sentenced on April 16, 2007. The probable cause affidavit and the presentence investigation report indicate that Johnson was arrested on July 11, 2006.

on direct appeal and thereafter via post-conviction relief proceedings where applicable.").

[15] Additionally, Johnson has not included a copy of the original sentencing order, the original abstract of judgment, or the transcript from the original sentencing hearing, which likely would contain a discussion of the application of accrued credit time. "It is Appellant's duty to present an adequate record clearly showing the alleged error[,] . . . and [w]here [s]he fails to do so, the issue is deemed waived." *Jackson v. State*, 496 N.E.2d 32, 33 (Ind. 1986). Where a defendant asserts error in the amount of credit time received at sentencing, the failure to present relevant documentation establishing entitlement to additional credit will result in waiver of the issue. *See Brattain v. State*, 777 N.E.2d 774, 776 (Ind. Ct. App. 2002); *Thompson v. State*, 761 N.E.2d 467, 471 (Ind. Ct. App. 2002). Thus, Johnson has waived review of any pretrial accrued credit time.

[16] Waiver notwithstanding, both the CCS and the presentence investigation report indicate that, on August 8, 2006, Johnson was released on bond and placed on house arrest after the trial court granted her motion for bond reduction. During the April 16, 2007 sentencing hearing, the trial court awarded Johnson twenty-eight days of credit time. Because the limited record before us suggests that Johnson was not incarcerated for 279 days prior to sentencing, we conclude

that she has failed to show that the trial court erred by failing to give her 279 days of accrued credit time for her pretrial incarceration.[8]

## 2. Accrued Credit Time – Revocation Proceedings

[17] Next, we turn to Johnson's argument that the trial court erred in computing her accrued credit time for the time she was incarcerated during her various revocation proceedings. Johnson acknowledges that the trial court gave her accrued credit time for the periods that she was incarcerated, but she alleges that the trial court miscalculated the credit time for four occasions during which she was incarcerated.[9] She contends that "[i]n some of its calculations, the trial court erred, apparently by calculating the time served by subtraction of dates, thus omitting one (1) day of actual time in jail." (Johnson Br. 13). In other words, she contends that the trial court should have counted both the first and last day of the various time periods when she was incarcerated during her revocation proceedings. She contends that, as a result of the trial court's alleged miscalculations, she is entitled to an additional five days of credit time.

---

[8] Additionally, we reject Johnson's suggestion that the accrued credit time of twenty-eight days should offset the amount of time that she had left to serve on her suspended sentence following her probation revocation. Any accrued credit time applied at Johnson's original sentencing hearing would have applied to her three-year sentence already served on direct commitment in community corrections and would not be applied again to the trial court's order for her to serve her previously suspended five-year sentence based on the revocation of her probation. *See Blanton v. State*, 754 N.E.2d 7, 9 (Ind. Ct. App. 2001) (explaining that credit time applied at sentencing would not be applied again when a trial court orders execution of suspended sentence upon revocation of probation), *trans. denied*.

[9] Johnson alleges that the trial court miscalculated her accrued credit time for the following periods: (1) July 1, 2010 – July 13, 2010; (2) September 22, 2011 – September 30, 2011; (3) February 26, 2014 – August 25, 2014; and (4) June 29, 2015 – August 10, 2015.

[18] A review of the transcript from the disposition hearing reveals that Johnson did not offer the trial court a calculation of the amount of accrued credit time that she believed she should receive. Moreover, after the trial court went through the breakdown of its own calculation of Johnson's accrued credit time from her incarcerations during her numerous revocation proceedings and specifically told Johnson that it would be "happy to consider" any other time that it may have missed, Johnson did not object to the calculation or offer the trial court an alternate calculation. (Tr. 60). Because Johnson did not offer an accrued credit time calculation when the trial court asked, she has waived any error in the trial court's accrued credit time calculation. *See Groves*, 823 N.E.2d at 1232 ("Generally, a failure to object to error in a proceeding, and thus preserve an issue on appeal, results in waiver.").

[19] Johnson has also waived review of this argument because she makes no cogent argument and provides no caselaw to support her argument regarding the method of calculation. *See State v. Holtsclaw*, 977 N.E.2d 348, 350 (Ind. 2012) (holding that the defendant had waived his argument by failing to appropriately develop or support it); *Cooper v. State*, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (explaining that an appellate argument presented in "a two-sentence concluding paragraph . . . supported neither by cogent argument nor citation to authority" was waived). *See also* Ind. Appellate Rule 46(A)(8)(a) (requiring appellate arguments to be supported by cogent reasoning and citations to the authorities).

[20] Waiver notwithstanding, Johnson has not met her burden of showing that the trial court erred in calculating her accrued credit time for the time she was

incarcerated during her various revocation proceedings. As the State points out, in the civil context, INDIANA CODE § 34-7-5-1 sets forth the method of calculating dates as follows: "The time within which an act is to be done, as provided in this title, shall be computed by excluding the first day and including the last." Similarly, Indiana Trial Rule 6 provides that "[i]n computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included" and that [t]he last day of the period so computed is to be included . . . ." Because Johnson has not met her burden of showing that the computation of time apparently used by the trial court was erroneous, we affirm the trial court's accrued credit time award.

## 3. Retroactive Application of Credit Time Statute

[21] Lastly, we address Johnson's "alternative" credit time argument. (Johnson's Br. 14). Johnson argues that—pursuant to INDIANA CODE § 35-38-2.6-6, the statutory amendment that came into effect in 2010 after she was originally sentenced—the trial court should have given her good time credit for the three years she served in community corrections on home detention. (Johnson's Br. 14). In other words, she contends that the trial court should have granted her good time credit for her community corrections that could be applied to offset the amount of time that she had left to serve on her suspended sentence following her probation revocation. Johnson contends that the trial court's failure to give her credit time under the statute violated her rights under Article 1, § 23 of the Indiana Constitution.

[22] Johnson, however, has waived any such contention because she makes no cogent argument and provides no caselaw to support her contention. *See Holtsclaw*, 977 N.E.2d at 350 (holding that the defendant had waived his constitutional argument by failing to appropriately develop or support it); *Cooper*, 854 N.E.2d at 834 n.1 (explaining that an appellate argument presented in "a two-sentence concluding paragraph . . . supported neither by cogent argument nor citation to authority" was waived). *See also* Ind. Appellate Rule 46(A)(8)(a) (requiring appellate arguments to be supported by cogent reasoning and citations to the authorities).

[23] Waiver notwithstanding, our Indiana Supreme Court has held that the amendment to INDIANA CODE § 35-38-2.6-6, which took effect on July 1, 2010, applies "to those who are placed on home detention on or after its effective date" and that it should not be applied retroactively. *See Cottingham v. State*, 971 N.E.2d 82, 86 (Ind. 2012). Indeed, as Johnson acknowledges, the amended statute would not be applicable to her because she was placed in community corrections before the statute's effective date. Thus, the trial court did not err when it refused to retroactively apply the statute. *See id.*

[24] Affirmed.

Kirsch, J., and Riley, J., concur.