## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 25 2020, 10:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ryan S. Mader,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 25, 2020<br><br>Court of Appeals Case No.<br>19A-CR-689<br><br>Appeal from the Owen Circuit Court<br><br>The Honorable Lori Thatcher Quillen, Judge<br><br>Trial Court Cause No.<br>60C01-1410-F3-564 |

**Friedlander, Senior Judge.**

[1] Ryan Mader appeals the trial court's determination of credit for actual time served in jail, following its decision to revoke his probation and order him to serve nine years of his previously-suspended sentence. The sole issue he raises

for review is whether the trial court failed to award him jail time credit to which he was entitled. We affirm.

[2] On July 31, 2018, Mader pleaded guilty to dealing in methamphetamine as a Level 3 felony,[1] and the State dismissed five other charges. The trial court imposed the following sentence: "Twelve years (4380 days) to the Department of Corrections with all but time served suspended to probation . . . ." Appellant's App. Vol. 2, p. 105. At the time of sentencing, Mader had served eighty-three actual days in jail. The trial court awarded him 27.6 additional days of good time credit, for a total credit time of 110.6 days.[2] The trial court then sentenced Mader to probation for 4269 days—the difference between 4380 and 111. Mader was released to probation on July 31, 2018. The probation term was to end on April 7, 2030.

[3] On November 2, 2018, the State petitioned to revoke Mader's probation for committing theft, failing to pay court-ordered fees, missing a meeting with his probation officer, and failing to attend counseling. Mader was arrested on a warrant for the violations on January 10, 2019. At his revocation hearing, held on February 26, 2019, Mader admitted the violations of probation. Following the hearing, the trial court found Mader had violated the terms of his probation. The court then revoked Mader's probation and nine years of his previously-

---

[1] Ind. Code § 35-48-4-1.1(a)(1)(C), (d)(1) (2014).

[2] The abstract of judgment issued on July 31, 2018, lists Mader's total credit time as 111 days, rounding the 110.6 days to the next whole number.

suspended sentence and awarded him credit for the days that he spent in jail from the time of his arrest on January 10, 2019, until the date of the probation revocation hearing on February 26, 2019. Specifically, the trial court opined:

> What I'm going to do is I'm going to revoke the nine years because nine years is what the advisory would have been of what you would have served in the very beginning back on the F3 when it would came – come before the Court but for the plea agreement. And, so I will give you credit for all the time of the nine years that you have on this case. You've got from January 19th, I – or, no, January 10th of this year up to the present. It's forty-nine[3] [sic] days. I'm going to revoke the time of the nine years, give you credit for those forty-nine [sic] days. I'm also going to show that this is an F3 so you only get the seventy-five percent. You don't get day for day [good time credit]. . . . So[,] I'm revoking the nine years, giving you the credit for the forty-nine [sic] and any previous credit that you have.

Tr. pp. 52-53. The new abstract of judgment showed forty-eight days of actual time served in jail for Mader and 16.3 days of good time credit. Mader now appeals.

[4] Mader concedes that the trial court correctly awarded him credit for the amount of time that he served while awaiting resolution of the State's probation revocation petition. He contends, however, that the trial court failed to award him credit for the time he served *prior to pleading guilty*. According to Mader, the trial court should have awarded him a total of 131 days of credit for actual

---

[3] Mader was actually awarded forty-eight days credit for actual time served.

time served in jail, that is, eighty-three days credit for the jail time Mader served awaiting his original sentence plus forty-eight days for the jail time he served awaiting sentencing for the probation revocation. The State counters that (1) when Mader's original sentence was suspended to probation, he already had received all of his credit time, as reflected in the judgment of conviction and sentencing order; and (2) the trial court properly awarded Mader credit for the time he spent in jail after he was arrested for violating his probation.

[5] Presentence jail time credit is a matter of statutory right, not a matter of judicial discretion. *Weaver v. State*, 725 N.E.2d 945 (Ind. Ct. App. 2000). When a defendant challenges the validity of the presentence credit time he received, there are two types of credit that must be calculated: "(1) the credit toward the sentence a prisoner receives for time actually served, and (2) the additional credit a prisoner receives for good behavior and educational attainment." *Purcell v. State*, 721 N.E.2d 220, 222 (Ind. 1999).

[6] To determine whether a prisoner is entitled to pretrial credit for actual time served, we must determine whether the defendant was confined before trial and whether that confinement was the "result of the criminal charge for which [the] sentence is being imposed." *Stephens v. State*, 735 N.E.2d 278, 284 (Ind. Ct. App. 2000), *trans. denied*; *see* Ind. Code § 35-50-6-3.1 (2016) (requiring defendant be "confined awaiting trial or sentencing"). Once we have determined whether a prisoner was entitled to credit for actual time served and, if so, how many days were earned, then we may turn to Indiana Code section 35-50-6-3.1 to determine how many days of good time credit were also earned. The trial court

simply calculates how many good time credit days the defendant earned based on the number of days of actual time served and the defendant's "Class," as defined in Indiana Code section 35-50-6-4 (2016).[4]

[7] Here, Mader asserts error in the calculation of the credit for actual time served he received at sentencing following his probation revocation. We conclude, however, that the trial court awarded Mader the proper amount of credit time. The judgment of conviction and sentencing order for Mader's *original* sentence conclusively establishes that Mader received credit for eighty-three days of actual time served. The abstract of judgment issued following the probation revocation and subsequent sentencing shows that Mader was credited with forty-eight days of actual time served, that is, from January 10, 2019, until February 26, 2019. Following the revocation of his probation, Mader was only entitled to forty-eight days credit for actual time served, not 131, because Mader already received credit for the eighty-three days of actual time served when his original sentence was suspended to probation on July 31, 2018.

---

[4] Because Mader was convicted of a Level 3 felony, he is assigned to Class B for purposes of good time credit earned. *See* Ind. Code § 35-50-6-4(b) (a person who is not a credit restricted felon and who is imprisoned for a crime other than a Level 6 felony or misdemeanor or imprisoned awaiting trial or sentencing for a crime other than a Level 6 felony or misdemeanor, is initially assigned to Class B). Regarding the rate at which a person convicted of a crime after June 30, 2014, and assigned to Class B earns good time credit, Indiana Code section 35-50-6-3.1 provides in relevant part: "(c) A person assigned to Class B earns one (1) day of good time credit for every three (3) days the person is imprisoned for a crime or confined awaiting trial or sentencing." We need not address Mader's good time credit, as Mader challenges only the credit he received for actual time served.

[8]     Mader's case is similar to that of the defendant in *Blanton v. State*, 754 N.E.2d 7 (Ind. Ct. App. 2001), *trans. denied*. Blanton pleaded guilty to a Class D felony and was sentenced to three years "'with all suspended but 126 days (63 [days actual time served])[.]'" 754 N.E.2d at 8 (internal citation omitted). Blanton was placed on probation, subsequently violated his probation, and was arrested. He admitted to violating the conditions of his probation, and the trial court revoked 180 days of his previously-suspended sentence.

[9]     On appeal, Blanton alleged the trial court erred in not granting him credit for the sixty-three actual days he served in jail prior to his original conviction toward his 180-day sentence for his probation revocation. Finding no error on the part of the trial court, we held that, "allowing the trial court to order execution of the entire 'suspended' sentence[,] necessarily implies that the credit time applied at sentencing is not to be applied again. To hold otherwise would award a defendant pretrial credit time twice, an absurd result not countenanced by either statute or decisional law." *Id.* at 9.

[10]    Applying our holding in *Blanton*, we find here the trial court did not err in awarding Mader forty-eight days credit for actual time served after he was arrested for violating his probation. Mader was entitled only to the forty-eight days and not to an additional eighty-three days that already had been applied.

[11]    Judgment affirmed.


        Bailey, J., and May, J., concur.