**Jimmie RUSSELL, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8601–CR–6.**

Supreme Court of Indiana.

July 24, 1987.

Susan K. Carpenter, Public Defender, Novella L. Nedeff, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal raising one issue, the propriety of the summary denial of appellant's *pro se* petition for post-conviction relief.

Appellant was convicted of voluntary manslaughter and sentenced to twenty years imprisonment on October 5, 1979. This court affirmed that conviction on direct appeal. *Russell v. State* (1981), Ind., 419 N.E.2d 973. On July 17, 1985, appellant filed a *pro se* petition for post-conviction relief. The petition did not raise suitable grounds for relief. That petition was received by the public defender's office on July 18, 1985. The State filed a motion for summary disposition on August 7, 1985, asserting that there was no genuine issue of material fact raised by the petition. The trial court granted the State's motion and summarily denied appellant's petition for post-conviction relief on August 8, 1985. The public defender's office received the trial court's ruling on August 12, 1985, and a copy of the State's motion for summary dismissal on August 13, 1985. Appellant urges that the trial court's summary dismissal of his *pro se* petition for post-conviction relief three weeks after filing served to effectively deny him his right to consult with counsel and to amend his *pro se* petition. We agree that the period between

the filing of the petition and its dismissal (22 days) was insufficient to permit counsel to prepare and comply with the post-conviction rules.

In *Bailey v. State* (1983), Ind, 447 N.E.2d 1088 the court addressed this issue when faced with a petition which had been summarily dismissed 28 days following filing.

"Here the petitioner filed a *pro se* petition. Under Ind.R.P.C. 1, § 2, the court is required, upon finding the petitioner indigent, to forward a copy of the petition to the Public Defender's Office. This the trial court did. However, Ind.R.P.C. 1, § 9, also provides that the Public Defender will serve as counsel and 'shall confer with petitioner and ascertain all grounds for relief under this rule, amending the petition if necessary to include any grounds not included by petitioner in the original petition.' *Id.* As petitioner points out, he was in Michigan City, making an immediate conference between himself and his counsel impossible. His counsel also needed adequate time to review the record and determine if amendment of the petition was necessary. Under Ind.R.P.C. 1, § 8, a petitioner must raise all available grounds for relief in his original petition. By being denied adequate time to amend the petition, the petitioner may be prejudiced if he files subsequent post-conviction petitions."

The rule specifically provides for the appointment and participation of counsel in post-conviction actions. Efforts by counsel promote the inclusion of all available grounds for post-conviction relief in a prisoner's first and original petition. The amplification of a first petition provides maximum fairness to the prisoner and at the same time serves to conserve judicial resources by reducing the number of occasions in which it will later be found necessary to file second and subsequent petitions. The summary dismissal of appellant's petition for post-conviction relief prior to the public defender's office having an opportunity to consult with appellant and potentially amend the petition prevented the fulfillment of the mission assigned to this rule and was error.

This cause is reversed and remanded to the trial court with instructions to set aside the ruling upon the State's motion for summary disposition and to grant the public defender's office a reasonable time in which to add to and amend the pending petition before addressing the merits of the State's motion for summary disposition.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.