**J.W. GANN, Appellant**
**(Petitioner Below),**

**v.**

**STATE of Indiana, Appellee**
**(Respondent Below).**

**No. 67A04–8907–PC–303.**

Court of Appeals of Indiana,
Fourth District.

Feb. 28, 1990.

---

Susan K. Carpenter, Public Defender, Indianapolis, William L. Touchette, Sp. Asst., Merrillville, for appellant.

CONOVER, Judge.

Petitioner–Appellant J.W. Gann (Gann) appeals the summary denial of his petition for post-conviction relief.

We reverse.

■ Gann raises two issues, which we consolidate and restate as:

whether the post-conviction court erred in its *sua sponte* summary denial of Gann's petition for post-conviction relief.[1]

On August 25, 1988, this court issued a memorandum decision affirming Gann's jury trial conviction for escape, 528 N.E.2d 121. The sole issue discussed was whether Gann was entitled to a new trial because the trial court failed to preserve the complete record of Gann's trial proceedings. We held the issue was waived by Gann's failure to comply with the requirements of

Ind.Appellate Rule 7.2(A)(3)(c), which requires the appellant to attempt a reconstruction of the missing portions of the record or, in the alternative, to prove reconstruction of the missing portions of the record is impossible. Gann's trial counsel was not the same as his appellate counsel.

On March 28, 1989, Gann filed a *pro se* petition for post-conviction relief in which he alleged ineffective assistance of appellate counsel for failure to request an evidentiary hearing to attempt reconstruction of the unavailable portions of the record. Gann's petition contained an Affidavit of Indigence and a request for legal representation by the public defender.

The State filed a response on March 29, 1989, in which it generally denied Gann's allegations. The State also raised the defenses of laches, *res judicata*, and waiver. On the same day, the post-conviction court *sua sponte* summarily denied Gann's petition stating:

Court overrules Defendant's Petition for Post Conviction Relief.

(R. 23).

Gann filed a *pro se* motion to correct errors on April 17, 1989. The motion was denied. On May 16, 1989, a Special Assistant to the Public Defender of Indiana entered his appearance on Gann's behalf, and thereafter filed this appeal.

Additional facts appear below as necessary.

■ A post-conviction court is permitted to summarily deny a petition for post-conviction relief only if the pleadings conclusively show the petitioner is entitled to no relief. Ind.Post–Conviction Rule 1(4)(e). The necessity of an evidentiary hearing is avoided when the pleadings show only issues of law. *Sherwood v. State* (1983), Ind., 453 N.E.2d 187, 189 (quoting *Frazier v. State* (1975), 263 Ind. 614, 617, 335 N.E.2d 623, 625). The need for a hearing is not avoided, however, when a determination of the issues hinges, in whole or in part, upon facts not resolved. This is true

---

1. We note the State failed to file a brief on appeal. When an issue is not argued on appeal, the appellant may obtain reversal of the lower court upon the establishment of prima facie error. *Van Sant v. State* (1988), 523 N.E.2d 229, 233, n. 2.

even though the petitioner has only a remote chance of establishing his claim. *Id.*

Gann contends the pleadings raise a genuine question of material fact. We agree. In his *pro se* petition, Gann raised the issue of appellate counsel's effectiveness. He correctly noted his entire appeal before this court was waived because counsel did not comply with App.R. 7.2(A)(3)(c). He contended counsel knew, or should have known, reconstruction of the trial record must be attempted, or waiver will result. *See Ruetz v. State* (1978), 268 Ind. 42, 373 N.E.2d 152, 154, *cert. denied.* When failure of counsel is based on ignorance of the law, the nonfeasance is not deemed a mere strategy decision, and may constitute ineffective assistance of counsel. *Heyward v. State* (1988), Ind.App., 524 N.E.2d 15, 20 (citing *Smith v. State* (1979), 272 Ind. 216, 396 N.E.2d 898). Where ineffectiveness of counsel is alleged, and the facts pleaded raise an issue of merit, then summary disposition is erroneous. *Ferrier v. State* (1979), 270 Ind. 279, 385 N.E.2d 422, 423. The State's general denial to Gann's petition was not sufficient to invalidate the petition. Further proceedings are required.

An additional reason for reversal and remand is the court's failure to provide Gann with meaningful assistance of counsel. Ind.Post–Conviction Rule 1(2) requires the court to order a copy of the petition sent to the Public Defender's Office when, as here, an affidavit of indigency is attached to the petition. Ind.Post–Conviction Rule 1(9) requires the Public Defender's Office to provide counsel.

Although the record does not indicate a copy of the petition was ever sent to the Public Defender's Office, the office did receive notice since it requested court documents on April 7, 1989. However, the court's denial of the petition one ·day after it was filed precluded any meaningful assistance of counsel and warrants reversal and remand. *See Russell v. State* (1987), Ind., 510 N.E.2d 1339, 1340; *Jordan v. State* (1987), Ind.App., 512 N.E.2d 236, 238.

Also, we reverse because the court failed to make specific findings of fact and conclusions of law as required by Ind.Post–Conviction Rule 1(6). Failure to issue findings of fact and conclusions of law is harmless error where claims presented would not entitle petitioner to relief. *King v. State* (1986), 499 N.E.2d 213, 214, *reh. denied.* However, where the petition raises a legitimate issue, the requirement enables the reviewing court to make an informed review of the trial court's decision. *Taylor v. State* (1985), Ind., 472 N.E.2d 891, 892.

Reversed and remanded for further proceedings in accordance with this opinion.

CHEZEM, P.J., and BAKER, J., concur.