**Scott B. CARNEAL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 53A01–0604–CR–142.**

Court of Appeals of Indiana.

Jan. 17, 2007.

Michael J. Spencer, Monroe County Public Defender Office, Bloomington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy At-torney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Scott Carneal appeals the sentence imposed after the revocation of his probation. Raising an equitable argument, Carneal asserts: "The trial court erred when it failed to grant [him] credit for time served in Illinois, because [he] had entered into a contract with Illinois, which provided that his Indiana sentence would run concurrent with his Illinois sentence." Appellant's Br. at 2. We affirm.

### Facts and Procedural History

On April 16, 2002, Carneal was charged in Monroe County with fraud and forgery, both as class C felonies. Appellant's App. at 15. On October 9, 2003, after pleading guilty to the fraud charge, Carneal received an eight-year sentence, with five years and fifteen days suspended. *Id.* at 17. Carneal was awarded 534 days of credit for time served and then placed on probation[1] for the remainder of his sentence. *Id.*

On January 11, 2004, Carneal violated probation by traveling to Illinois, where he committed a new offense, possession of a stolen vehicle. *Id.* at 20. On February 4, 2004, in Indiana, a petition to revoke Carneal's suspended sentence was filed. On February 10, 2004, the court in Indiana issued a warrant for Carneal. *Id.* at 23.

On or about September 24, 2004, Carneal pled guilty to the Illinois offense and received a four-year sentence. *Id.* at 20. According to the Illinois plea agreement/judgment/sentencing order, Car-

---

1. The trial court included two years of supervised probation within its order. Appellant's App. at 17.

neal's four-year sentence for the Illinois offense was to be "served concurrent with the sentence imposed in" Carneal's Indiana fraud case. *Id.* Upon being notified of Carneal's incarceration in Illinois, the State (of Indiana) moved to recall the February 10, 2004 warrant, asked that the petition to revoke remain pending, and requested that a summons be issued for Carneal in January 2006. *Id.* at 21. The motion was granted. *Id.* at 22.

Carneal served twenty months for his Illinois offense before being placed on parole. On January 11, 2006, the court in Indiana issued a second arrest warrant when Carneal failed to appear for his initial hearing regarding the revocation petition. *Id.* at 23. Later that month, Carneal was arrested and extradited to Indiana. *Id.* at 23–24. At a hearing on March 15, 2006, Carneal admitted to violating his probation. *Id.* at 25; Tr. at 3–6. In response, the court in Indiana ordered that Carneal serve the previously suspended five-year, fifteen-day sentence, with credit for fifty-one days. Appellant's App. at 25.

## Discussion and Decision

Carneal contends that it was "inappropriate" for him not to receive credit for the time he served in Illinois, and he cites Indiana Appellate Rule 7(B). *See* Appellant's Br. at 3, 5, 6. Indiana Appellate Rule 7(B) provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Yet, Carneal specifically states that he is "not asking [us] to look at the nature of his offense or his conduct[,]" and instead focuses upon his "good faith reliance" and on the "disparity of incarceration time between consecutive and concurrent sentences." Appellant's Br. at 5. As such, Carneal's argument is more properly categorized as a challenge to the court's sentencing discretion.

We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct.App.2005), *trans. denied.* An abuse of discretion occurs "if the decision is against the logic and effect of the facts and circumstances before the court." *Whatley v. State*, 847 N.E.2d 1007, 1009 (Ind.Ct.App. 2006). Generally speaking, as long as the trial court follows the procedures outlined in Indiana Code Section 35–38–2–3, the court may require a probationer to serve his previously suspended sentence. *Crump v. State*, 740 N.E.2d 564, 573 (Ind. Ct.App.2000), *trans. denied.* More specifically, if the court "finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may: ... order execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind.Code § 35–38–2–3(g)(3).[2]

During a hearing on the petition to revoke probation, Carneal admitted the following violations:

(1) Failing to report a change of address and phone number within 48 hours.

---

2. Indiana Code Section 35–38–2–3 was amended, effective July 1, 2005, to explicitly allow a trial court to order execution of "all or part of" a probationer's suspended sentence. P.L. 13–2005. *See also Stephens v. State*, 818 N.E.2d 936, 941–42 (Ind.2004). It is worth noting that a court cannot, upon revoking probation, order a sentence longer than the one that was originally set out (albeit suspended) in a plea agreement. *See Cox v. State*, 850 N.E.2d 485, 490–91 (Ind.Ct.App. 2006). The Indiana court in Carneal's case complied with this rule.

(2) Failing to report to scheduled appointments as directed.

(3) Failing to complete treatment as directed.

(4) Knowingly, intentionally, or recklessly failing to pay fees as directed.

Appellant's App. at 18; Tr. at 3–6. Carneal also admitted to having committed a new offense in Illinois while on probation for his Indiana crime. Tr. at 3–6. In addition, Carneal discussed the Illinois plea agreement, the advice he had received around that time, and his understanding of the situation. *Id.* at 18–20.

■ Presented with the aforementioned evidence, the court revoked Carneal's probation[3] and chose not to award credit to Carneal in his Indiana case for time he was confined in Illinois as a result of his Illinois offense. The parties have presented, and we have located, no caselaw or statutory law that would indicate that the Indiana court abused its discretion in this regard. To the contrary, what guidance we do have convinces us that the court in Indiana was within its discretion in not crediting Carneal in his Indiana case for the time he served in Illinois as a result of his Illinois offense.

■ In *Willoughby v. State,* 626 N.E.2d 601 (Ind.Ct.App.1993), we noted: "Determination of a defendant's pretrial credit is dependent upon (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for which sentence is being imposed." *Id.* at 602 (citing Ind.Code § 35–50–6–3 and *Cohen v. State,* 560 N.E.2d 1246, 1249 (Ind.1990)). Stated otherwise, "credit is to be applied for confinement time that is a result of the charge for which the defendant is being

sentenced. In essence, *each court is responsible only for crediting time in confinement as a result of the charge for which that court is sentencing the defendant." Id.* at 602–03 (emphasis added). Carneal served time in Illinois for the offense he committed in that state. In revoking Carneal's probation, the court in Indiana was imposing sentence for the crime that Carneal committed in Indiana. Thus, the court was responsible for crediting time for the Indiana crime, not for crediting time for a separate crime committed in a different state.

Not only was the Indiana court's decision consistent with the rule in *Willoughby,* it was in keeping with the logic of the following Indiana statute:

If, after being arrested for one (1) crime, a person commits another crime:

(1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

(2) while the person is released:

(A) upon the person's own recognizance; or

on bond;

the terms of imprisonment for the crimes *shall be served consecutively,* regardless of the order in which the crimes are tried and sentences are imposed.

Ind.Code § 35–50–1–2(d) (emphasis added). Indeed, per this statute, had the subsequent crime been committed in Indiana, consecutive sentencing would have been mandatory. Not awarding Carneal credit in his Indiana case for the time that he served in Illinois achieves the goal of Indiana Code Section 35–50–1–2(d).

---

**3.** Carneal wisely does not challenge the sufficiency of the evidence to support the revocation of his probation. *See Sanders,* 825 N.E.2d 952 (concluding no abuse of discretion when court ordered defendant, following revocation of probation, to serve her five-year suspended sentence for forgery where defendant admitted to probation violations, including two new convictions and failing to appear for appointment with probation officer).

Indisputably, the Indiana court's decision not to award credit for the Illinois time-served conflicts with Carneal's plea agreement in Illinois. However, because neither the State of Indiana nor the Monroe Circuit Court was a party to the Illinois plea agreement, neither was bound by its terms. *See Debro v. State*, 821 N.E.2d 367, 372 (Ind.2005) (noting a plea agreement "is contractual in nature, binding the defendant, the State and the trial court.").

In resolving this case, we acknowledge that during Carneal's proceedings in Illinois, he apparently received inaccurate guidance regarding Indiana law. Whether it was his Illinois parole officer, his Illinois lawyer if he had one, and/or the Illinois court who provided this erroneous information makes no difference to our analysis.[4] Carneal's misunderstanding in Illinois, while unfortunate, does not affect our conclusion that the Indiana court did not abuse its discretion in refusing to award him credit in Indiana for time that he served in Illinois for an offense he committed in Illinois.

Affirmed.

SHARPNACK, J., concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting.

I readily acknowledge that, as stated by the majority, neither the State of Indiana nor the Monroe Circuit Court was bound by the terms of the Illinois plea agreement.

Nevertheless, because the Monroe Circuit Court was permitted under Ind.Code § 35–38–2–3 (Burns Code Ed. Supp.2006) to order a portion of the suspended sentence to be executed rather than the entire five years and fifteen days, I would hold that the court should have done so.

The clearly stated determination made by the Illinois court was that the Indiana sentence and the Illinois sentence were to be served concurrently.[1] The principle of judicial comity calls for the courts of one state to "give effect to the laws *and judicial decisions* of another." 16 AM. JUR. 2D *Conflict of Laws* § 16 (1998) (emphasis supplied). See *Cloverleaf Enterprises, Inc. v. Centaur Rosecroft*, 815 N.E.2d 513, 519 (Ind.Ct.App.2004).

As long ago stated by our Supreme Court in *Sweigart v. State*, 213 Ind. 157, 168, 12 N.E.2d 134, 139 (Ind.1938):

"Courts of justice in one state should out of comity help to enforce the laws of another state when by such enforcement they will not violate their own laws or inflict an injury on some one of their own citizens."

The doctrine of comity should be applied in this case. To order only a portion of the suspended Indiana sentence, in effect giving credit for having served his Illinois sentence, would violate no Indiana law nor would it do injury to any other Indiana citizen.

I would reverse and remand with instructions to modify the judgment in accordance with this opinion.

---

4. Carneal's recourse, if any, does not lie with us. *See, e.g., Gann v. State*, 550 N.E.2d 803, 804 (Ind.Ct.App.1990) (noting that when the failure of counsel is based on ignorance of the law, the nonfeasance is not deemed a mere strategy decision and may constitute ineffective assistance of counsel).

1. The Illinois judgment recited: "It is further ordered that the sentence imposed on count one above be served concurrent with the sentence imposed in case number 53C06–0203–FC–00375 in the Circuit Court of Monroe County, Indiana." App. at 20.