**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**STEVEN E. RIPSTRA**
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER A. MERDER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 19A04-1205-CR-229 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DUBOIS SUPERIOR COURT
The Honorable Mark R. McConnell, Judge
Cause Nos. 19D01-0905-FD-280, 19D01-1201-FD-57

**December 12, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

Christopher Merder appeals the sentence he received for his convictions of possession of paraphernalia, a Class A misdemeanor, Ind. Code § 35-48-4-8.3 (2003), and possession of a synthetic cannabinoid, a Class D felony, Ind. Code § 35-48-4-11 (2011).

We affirm in part and reverse and remand in part.

## ISSUE

Merder presents one issue for our review, which we restate as: whether the trial court erroneously denied him credit time to which he is entitled.

## FACTS AND PROCEDURAL HISTORY

On May 1, 2009, the charge of possession of paraphernalia was filed against Merder in Dubois County, Indiana under cause number 19D01-0905-FD-280 ("Cause 280") along with a warrant for his arrest. At some point thereafter in May 2009, Merder was jailed in Kentucky. While in jail in Kentucky, Merder was read the Indiana warrant, and on May 7, 2009, he waived extradition to Indiana. Subsequently, on August 6, 2009, the Dubois County Sheriff was informed by officials in Louisville, Kentucky that Merder was ready to be picked up. On August 14, 2009, Merder was booked into the Dubois County Jail.

On January 24, 2012, under cause number 19D01-1201-FD-57 ("Cause 57"), Merder was charged with possession of a synthetic cannabinoid, a Class A misdemeanor, and possession of paraphernalia, a Class A misdemeanor. The State also filed a notice of

2

intent to seek an enhanced penalty as to both charges. On March 5, 2012, Merder pleaded guilty pursuant to a plea agreement to possession of paraphernalia, a Class A misdemeanor, in Cause 280 and possession of a synthetic cannabinoid, a Class D felony, in Cause 57. He was then sentenced on April 4, 2012 to 270 days, with credit for time served of 95 days, in Cause 280 and 365 days in Cause 57, to be served consecutive to his sentence in Cause 280. It is from this sentence that he now appeals.

## DISCUSSION AND DECISION

Merder contends that he was denied pretrial credit time to which he is entitled. According to Merder, he is due credit toward his Indiana sentence for the time he served in jail in Kentucky between his waiver of extradition to Indiana and his return to Indiana. The State argues that Merder has waived this issue by failing to object at the sentencing hearing to the trial court's determination of his credit time.

At the sentencing hearing, Merder requested credit for the time he served in Kentucky from May to August 2009. The trial court declined to credit that time and proceeded to sentence him. Merder failed to object to the sentence even when the court asked if there was anything else. Generally, failure to object to error in a proceeding, and thus properly preserve an issue for appeal, results in waiver. *Groves v. State*, 823 N.E.2d 1229, 1232 (Ind. Ct. App. 2005). However, we may address an unpreserved error when we determine the trial court committed fundamental error. *Id.* An improper sentence constitutes fundamental error and cannot be ignored on appeal. *Id.* Thus, we address Merder's argument.

3

Merder is requesting credit for the time he spent in jail in Kentucky between his waiver of extradition to Indiana on May 7, 2009 and his transport back to Indiana on August 14, 2009. The documents on appeal show that Merder waived extradition to Indiana on May 7, 2009 while jailed in Kentucky. A fax from the prosecutor's office in Louisville, Kentucky to the sheriff of Dubois County, Indiana shows that as of August 6, 2009, Merder was available to Indiana authorities for transport back to Indiana. In addition, the documents indicate that Merder had been the subject of a grand jury investigation in Kentucky and had been released by the grand jury judge as of August 6, 2009. Subsequently, Merder was booked into the jail in Dubois County, Indiana on August 14, 2009.

We recognize that Indiana Code section 35-50-6-3(a) (2008) provides that "[a] person assigned to Class I [credit time] earns one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." Thus, trial courts do not have discretion in granting or denying pre-sentence jail credit time, as it is a matter of statutory right, not a matter of judicial discretion. *Williams v. State*, 759 N.E.2d 661, 664 (Ind. Ct. App. 2001). Yet, determination of a defendant's pretrial credit is dependent upon (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for which sentence is being imposed. *Hall v. State*, 944 N.E.2d 538, 542 (Ind. Ct. App. 2011), *trans. denied*. Stated another way, each court is responsible only for crediting the time in confinement that was a result of the charge for

4

which that court is sentencing the defendant. *Carneal v. State*, 859 N.E.2d 1255, 1258 (Ind. Ct. App. 2007), *trans. denied*.

Here, Merder concedes that he was jailed in Kentucky but asserts that because he was released without being charged, the time he spent in jail was not applied to any sentence. Therefore, he argues the time he spent in jail in Kentucky should be credited toward his sentence in Indiana. However, Merder ignores the fact that he was jailed in Kentucky awaiting a grand jury inquiry and that it was not until August 6, 2009 that the grand jury judge released him. Therefore, we are presented with no evidence showing that Merder was being held in Kentucky on the Indiana warrant any time prior to August 6, 2009.

It is the appellant's duty to present an adequate record clearly showing the alleged error, and, where the appellant fails to fulfill this burden, the issue is deemed waived. *Thompson v. State*, 761 N.E.2d 467, 471 (Ind. Ct. App. 2002) (holding that appellant waived claim that he was entitled to more credit for time served than that granted by trial court where he failed to present appellate court with sufficient information to determine credit he should have received); *see also Brattain v. State*, 777 N.E.2d 774, 776 (Ind. Ct. App. 2002) (holding that defendant failed to present documentation to trial court showing he was entitled to credit time and that he failed to present adequate record on appeal showing that trial court erred by denying his request for credit time). Thus, due to his failure to meet his burden of establishing his entitlement to credit time, Merder has waived this argument for any time he spent in jail in Kentucky prior to August 6, 2009.

5

Nevertheless, based upon the documentation presented by Merder, we conclude that he is entitled to pretrial credit for the period from August 6, 2009 to August 14, 2009. As noted above, the fax from the authorities in Louisville, Kentucky shows that Merder was released from any hold by them on August 6, 2009. Further, the certified copy of the CCS in Cause 280 contains an entry on August 20, 2009 that states: "DCSD ADVISES DEFT WAS BOOKED IN ON 8/14/09." Appellant's App. p. 2. We believe this information is sufficient to show that during the period of August 6, 2009 to August 14, 2009, Merder was held as a result of the charges in Cause 280. Therefore, Merder is entitled to pretrial credit for that time. *See Carneal*, 859 N.E.2d at 1258.

## CONCLUSION

For the reasons stated, we conclude that Merder is entitled to pretrial credit only from August 6, 2009 to August 14, 2009.

Affirmed in part and reversed and remanded in part for application of pretrial credit consistent with this opinion.

NAJAM, J., and RILEY, J., concur.