## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 28 2017, 9:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| David Drummond<br>New Castle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Abigail R. Recker<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Drummond,<br>*Appellant-Petitioner*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent*. | July 28, 2017<br><br>Court of Appeals Case No.<br>49A02-1606-PC-1278<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Stanley E. Kroh, Magistrate<br><br>The Honorable Sheila Carlisle, Judge<br><br>Trial Court Cause No.<br>49G03-0108-CF-161376<br>49G03-1606-PC-21055 |

**Brown, Judge.**

[1] David Drummond appeals the summary denial of his successive petition for post-conviction relief. Drummond raises four issues which we consolidate and restate as whether the post-conviction court erred in denying his petition. We reverse and remand for further proceedings.

## Facts and Procedural History

[2] In 2002, Drummond was found guilty of child molesting as a class A felony and sentenced to fifty years. On June 1, 2016, with authorization from this Court, Drummond filed a successive petition for post-conviction relief alleging that he had not been awarded credit time for his completion of two programs, namely, Life Skills Stress Management in March 2004 and Life Skills Anger Management in October 2004. The post-conviction court issued an order dated June 9, 2016, summarily denying Drummond's petition, finding related solely to a long-standing dispute with the Indiana Department of Correction (the "DOC") regarding additional earned credit time, and that the court had previously denied his claims for the same claimed credit time in orders dated October 24, 2014, and February 9, 2016.[1] Drummond initiated an appeal, and on September 28 and October 27, 2016, this Court issued orders directing the Marion Circuit and Superior Courts Clerk to assemble the Clerk's Record, and file a Notice of Completion of Clerk's Record, which Notice was filed in November 2016.

---

[1] The parties do not cite to the record for the October 24, 2014 and February 9, 2016 orders.

### *Discussion*

[3] Before discussing Drummond's allegations of error, we observe that he is proceeding *pro se*. Such litigants are held to the same standard as trained counsel. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. We also note the general standard under which we review a post-conviction court's denial of a petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004); Ind. Post-Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Fisher*, 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.*

[4] Drummond argues that the post-conviction court abused its discretion in denying his successive petition and that he demonstrated that he is entitled to a total of one year of credit time. He further argues that the post-conviction court denied him his right to represent himself when it failed to have him present for a status/evidentiary hearing and that we should find the Marion Circuit and Superior Courts Clerk in contempt for failing to timely file a Notice of Completion of Clerk's Record.

[5] With respect to Drummond's contempt claim, we note that the Clerk has already filed the Notice of Completion of Clerk's Record, and accordingly the

relief sought by Drummond has already been granted and the issue is moot. *See In re F.S.*, 53 N.E.3d 582, 590 (Ind. Ct. App. 2016) (observing an issue is deemed moot when no effective relief can be rendered to the parties before the court). As for Drummond's claim that he was not permitted to be present at a hearing to represent himself, the chronological case summary does not show that the post-conviction court held a hearing on his successive petition for post-conviction relief which he could have attended.

[6] Turning to Drummond's argument that the court erred in denying his successive petition for post-conviction relief, an appellate court reviews the grant of a motion for summary disposition in post-conviction proceedings on appeal in the same way as a motion for summary judgment. *Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008). Thus summary disposition, like summary judgment, is a matter for appellate *de novo* determination when the determinative issue is a matter of law, not fact. *Id.* Post-Conviction Rule 1(4)(g) provides:

> The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible.

[7]     A post-conviction court is permitted to summarily deny a petition for post-conviction relief only if the pleadings conclusively show the petitioner is entitled to no relief. *Gann v. State*, 550 N.E.2d 803, 804 (Ind. Ct. App. 1990). The necessity of an evidentiary hearing is avoided when the pleadings show only issues of law. *Id.* The need for a hearing is not avoided, however, when a determination of the issues hinges, in whole or in part, upon facts not resolved. *Id.* This is true even though the petitioner has only a remote chance of establishing his claim. *Id.* at 804-805.

[8]     Ind. Code § 35-50-6-3.3 provides in part that a person may earn educational credit if, while confined by the DOC, the person:

> (1) is in credit Class I, Class A, or Class B;
>
> (2) demonstrates a pattern consistent with rehabilitation; and
>
> (3) successfully completes requirements to obtain at least one (1) of the following:
>
>> (A) A certificate of completion of a career and technical or vocational education program approved by the department of correction.
>>
>> (B) A certificate of completion of a substance abuse program approved by the department of correction.
>>
>> (C) A certificate of completion of a literacy and basic life skills program approved by the department of correction.
>>
>> (D) A certificate of completion of a reformative program approved by the department of correction.

Ind. Code § 35-50-6-3.3(b).

[9] In this case, the State notes that Drummond's petition and supporting affidavit were before the post-conviction court, and his affidavit states in part that he completed the Life Skills Program Stress Management on March 3, 2004, and the Life Skills Program Anger Management on October 19, 2004. His instructor for the programs indicated he would receive six months of credit time upon the completion of each of the programs for a total of one year credit time. The State points out that in 2007 Drummond received a letter indicating the programs were not eligible for credit time, but that Adult Offender Classification policy 01-04-101 indicates he was entitled to credit time.

[10] The State acknowledges that Drummond raised a genuine issue of material fact, making a summary denial inappropriate, and states that further proceedings are required in order to determine whether Drummond is entitled to relief. It states that this case should be remanded for further proceedings in which the State can respond to Drummond's petition and move for summary disposition if appropriate.[2]

[11] Based upon the record and the State's concession that summary denial was inappropriate, we conclude that the pleadings do not conclusively show that Drummond is entitled to no relief. Accordingly, we reverse and remand for

[2] The State also indicates "[i]t is impermissible for the trial court to consider evidence outside the record, including the October 24, 2014 and February 9, 2016 orders, which the trial court had not taken judicial notice of" and that it "does not believe that the February 9, 2016 Findings of Fact and Conclusions of Law is regarding the same earned credit time that Drummond now argues he is entitled to." Appellee's Brief at 11, 11 n.6.

further proceedings. *See Gann*, 550 N.E.2d at 805 (noting that where the facts pleaded raise an issue of merit, summary disposition is erroneous, agreeing with the petitioner that the pleadings raised a genuine question of material fact, and remanding for further proceedings).

### *Conclusion*

[12] For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

[13] Reversed and remanded.

May, J., and Pyle, J., concur.