## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 09 2020, 9:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

James W. Baker, Jr.
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

David A. Arthur
Senior Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James W. Baker, Jr., *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | July 9, 2020 <br><br> Court of Appeals Case No. 20A-PC-478 <br><br> Appeal from the Sullivan Superior Court <br><br> The Honorable Hugh R. Hunt, Judge <br><br> Trial Court Cause No. 77D01-1912-PC-749 |

**Najam, Judge.**

# Statement of the Case

James W. Baker, Jr. appeals the post-conviction court's summary denial of his petition for post-conviction relief. Baker raises three issues for our review, which we restate as the following issues:[1]

1.  Whether the post-conviction court erred when it summarily denied Baker's claim that the Indiana Parole Board ("the Board") violated his due process rights when it revoked his parole.

2.  Whether the Board illegally allocated certain time served by Baker to an inapplicable offense.

3.  Whether the court erred when it summarily denied Baker's claim that the Board had failed to revoke Baker's parole within the relevant statutory timeframe.

We affirm.

# Facts and Procedural History

In January of 2013, the Bartholomew Circuit Court sentenced Baker to eight years in the Department of Correction on two Class C felony burglary convictions. With other sentences that Baker was also serving, Baker had a

---

[1] The post-conviction court alternatively denied Baker's petition on the ground that he had failed to exhaust his administrative remedies. All parties agree on appeal agree that that rationale for the post-conviction court's judgment was erroneous. Given our disposition of the other issues, however, we need not consider that alternative basis for the post-conviction court's judgment.

latest possible release date of October 21, 2021, for the Class C felony burglary convictions.

[4] On January 12, 2017, the Board released Baker to two years of parole on the two burglary offenses. Among other conditions of his release, Baker agreed in writing to refrain from conduct prohibited by law. About five weeks later, Baker's mother reported to law enforcement that he had stolen a vehicle. Baker was apprehended in May, and shortly thereafter the State charged him with numerous offenses in both Hancock County and Hamilton County.

[5] The Board placed a detainer on Baker on June 9 for violating, among other things, the condition of his release that he not commit additional offenses. On June 13, Baker executed a waiver of his rights to a preliminary hearing before the Board with respect to those allegations. In September, the Hancock Superior Court sentenced Baker on his convictions for the Hancock County offenses. And, on December 20, 2018, the Hamilton Circuit Court sentenced Baker on his convictions for the Hamilton County offenses.

[6] Following the resolution of the new offenses, on January 4, 2019, the Board served notice on Baker that it would hold a parole violation hearing on January 9. At that hearing, the Board found that Baker had violated the conditions of his release when he committed the offenses for which he had been convicted by the Hancock Superior Court and the Hamilton Circuit Court. The Board then revoked Baker's parole on the underlying Class C felony burglary convictions

and ordered him to serve the balance of his time on those convictions consecutive to his sentences on the new convictions.

[7] In December, Baker filed his petition for post-conviction relief. In his petition, he alleged that the Board unlawfully revoked his parole. Specifically, he alleged, in relevant part, that the Board violated his due process rights when the Board extended his maximum possible release date on the Class C felony convictions. He further alleged that the Board had incorrectly allocated time he had served between his sentencing for the Hancock County offenses and the final revocation hearing, and that the Board's January 2019 revocation hearing was untimely.

[8] Baker attached documents to his petition. The State responded and also attached documents in support of its response. The State further requested the court summarily deny Baker's petition based on the pleadings and attachments. The court granted the State's request and summarily denied Baker's petition for post-conviction relief. This appeal ensued.

## Discussion and Decision

### *Standard of Review*

[9] Baker appeals the post-conviction court's summary denial of his petition for post-conviction relief. As we have explained:

> We review the grant of a motion for summary disposition in PCR proceedings on appeal in the same way as a motion for summary judgment in a civil matter. *Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008). Thus, summary disposition—like

summary judgment—is a matter for appellate *de novo* review. *Id.*
Post-Conviction Rule 1(4)(g) provides:

> The court may grant a motion by either party for summary
> disposition of the petition when it appears from the
> pleadings, depositions, answers to interrogatories,
> admissions, stipulations of fact, and any affidavits
> submitted, that there is no genuine issue of material fact
> and the moving party is entitled to judgment as a matter of
> law. The court may ask for oral argument on the legal
> issue raised. If an issue of material fact is raised, then the
> court shall hold an evidentiary hearing as soon as
> reasonably possible.

> A PC court is permitted to summarily deny a petition for PCR
> only if the pleadings conclusively show the petitioner is entitled
> to no relief as a matter of law. *Gann v. State*, 550 N.E.2d 803, 804
> (Ind. Ct. App. 1990). The necessity of an evidentiary hearing is
> avoided when the pleadings show only issues of law. *Id.* The
> need for a hearing is not avoided, however, when a
> determination of the issues hinges, in whole or in part, upon facts
> not resolved. *Id.* This is true even though the petitioner has only
> a remote chance of establishing his claim. *Id.* at 804-805.

*Brown v. State*, 131 N.E.3d 740, 742-43 (Ind. Ct. App. 2019), *trans. denied*.

### Issue One:  Alleged Due Process Violation

[10] We first consider Baker's allegation that the Board violated his due process
rights. As we have explained:

> Parolees charged with violations of parole are within the
> protection of the Due Process Clause of the Fourteenth
> Amendment. *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S. Ct.
> 2593, 33 L. Ed. 2d 484 (1972). As such, parolees are entitled to a

two-stage parole-revocation procedure: (1) a preliminary hearing to determine whether there is probable cause to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions and (2) a revocation hearing before the final decision on revocation to consider whether the facts as determined warrant revocation. *Id.* at 485-88, 92 S. Ct. 2593; *Komyatti v. State*, 931 N.E.2d 411, 416 (Ind. Ct. App. 2010). The minimum requirements of due process include written notice of the claimed parole violations, disclosure to the parolee of the evidence against him, an opportunity to be heard in person and to present evidence, the right to confront and cross-examine adverse witnesses, a "neutral and detached" parole-hearing board, and a written statement by the board of the evidence relied upon and the reasons for revoking parole. *Morrissey*, 408 U.S. at 489-90, 92 S. Ct. 2593; *Komyatti*, 931 N.E.2d at 416.

*Grayson v. State*, 58 N.E.3d 998, 1001 (Ind. Ct. App. 2016).

[11] Baker's argument on this issue is less than clear. He appears to assert that he was not given notice that he might have been found to have violated his parole for reasons other than the commission of new offenses. He then asserts that, "[d]ue to" the lack of notice on those other purported violations of his parole, "it was constitutionally impermissible" for the Board to order him to serve the balance of his paroled term. Appellant's Br. at 18.

[12] But we do not see the relevance of Baker's assertions. He was given notice that he had been alleged to have committed new offenses. He was given all the due process protections described above with respect to those allegations. And the Board revoked his parole on that basis. Accordingly, Baker has failed to carry

his burden to show that the post-conviction court erred when it summarily denied his petition on the due process allegation.

## Issue Two: Allocation of Time Served

Baker next asserts that the Board erroneously allocated 458[2] days of time he served following his sentencing on the Hancock County offenses in September of 2017 and his final revocation hearing in January of 2019 to the original Class C felony offenses rather than to the Hancock County offenses. But we agree with the State that "[t]he order in which the sentences are served doesn't matter." Appellee's Br. at 18. As a matter of law, Baker's sentences on the original convictions and the ensuing Hancock County convictions run consecutively. Ind. Code § 35-50-1-2(e) (2020). Also as a matter of law, any credit he earns during his incarceration "is applied against the aggregate sentence." *Shane v. State*, 716 N.E.2d 391, 400 (Ind. 1999). As such, Baker has not shown any reversible error in the Board's allocation of his time served.

## Issue Three: Timeliness of the Board's Final Hearing

Finally, Baker contends that the January 9, 2019, revocation hearing was untimely. Indiana Code Section 11-13-3-10(a)(1) provides:

> A parolee who is confined due to an alleged violation of parole shall be afforded a parole revocation hearing within sixty (60)

---

[2] We accept the State's concession that, while Baker asserts there are 457 days at issue, there are actually 458.

days after the parolee is made available to the department by a jail or state correctional facility, *if:*

*(A) there has been a final determination of any criminal charges against the parolee*; or

(B) there has been a final resolution of any other detainers filed by any other jurisdiction against the parolee.

(Emphasis added.)

[15] The Board held the January 9, 2019, final revocation hearing within sixty days of Baker's sentencing on the Hamilton County convictions, which was in December of 2018, but not within sixty days of his sentencing on the Hancock County convictions, which was in September of 2017. Baker asserts that Indiana Code Section 11-13-3-10(a)(1) required the Board to hold his final revocation hearing within sixty days of a final determination of "any" criminal charges against him, not "all" such charges. Appellant's Br. at 22. Thus, Baker asserts that the final revocation hearing had to be held within sixty days of his sentencing on the first-resolved charges, the Hancock County charges.

[16] Although the State asserts that that statute never applied to Baker, we conclude that, if it ever did, it does not direct the Board to hold the final revocation hearing within sixty days of any particular charges, as Baker reads the statute. "Any" means just that—the final revocation hearing needed to be within sixty days of Baker's sentencing on "any" of the other charges. And the Board did that when it held his final revocation hearing within sixty days of the final

resolution of the Hamilton County charges. Accordingly, Baker again has not met his burden to show error on appeal.

## Conclusion

In sum, we affirm the post-conviction court's summary denial of Baker's petition for post-conviction relief.

Affirmed.

Kirsch, J., and Brown, J., concur.